# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Cummins Law Office, P.A.,

                              Plaintiff,              Civ. No. 11-2061 (RHK/FLN)
v.                                                    **MEMORANDUM OPINION**
                                                      **AND ORDER**

Norman Graphic Printing Company Limited,

                              Defendant.

---

Trent L. Pepper, D. Sherwood McKinnis, Lindberg & McKinnis, P.A., Cambridge, Minnesota, for Plaintiff.

Vytas M. Rimas, Rimas Law Firm, PLLC, Minneapolis, Minnesota, for Defendant.

---

        This action arises out of the alleged failure by Defendant Norman Graphic Printing Company Limited ("Norman") to pay legal fees to Plaintiff Cummins Law Office, P.A. ("Cummins"), a law firm that represented Norman in an action in the Washington County, Minnesota, District Court.   Norman now moves to dismiss.   For the reasons set forth below, its Motion will be granted in part and denied in part.

## BACKGROUND

        Cummins is a Minnesota law firm and Norman is a Hong Kong company.   (Am. Compl. ¶¶ 1-2.)   In October 2009, they entered into a Fee Agreement providing that Cummins would represent Norman in connection with a lawsuit to collect sums owed to Norman by Gartner Studios, Inc. ("Gartner").   In return, Norman agreed to pay Cummins a "fixed fee" of $80,000 "pertaining to the initiation of the lawsuit and prosecuting it to its

conclusion either by settlement or by judgment," plus a contingent fee of five percent "of any amounts recovered on behalf of Norman as a result of a settlement or post-judgment collection."   (Am. Compl. Ex. A.)

Cummins then commenced an action against Gartner, on Norman's behalf, in the Washington County, Minnesota, District Court.   (See Am. Compl. Ex. B.)   The parties agreed to mediate that action, and Cummins represented Norman at the mediation.   (Id.) These efforts bore fruit, and Norman and Gartner settled the lawsuit pursuant to a written settlement agreement under which Gartner agreed to pay Norman $2,452,000, comprising an initial payment of $252,000, followed by monthly installments of $50,000 until the remaining $2.2 million was paid in full.   (Id. ¶¶ 8-9 & Ex. B.)

Cummins alleges that Norman paid the $80,000 fixed fee called for in the Fee Agreement but has made no contingency-fee payments for amounts Gartner has paid pursuant to the settlement agreement.   (Id. ¶¶ 11-13.)   In July 2011, it commenced this action against Norman in Minnesota state court, asserting five claims:   breach of contract (Count I), unjust enrichment (Count II), *quantum meruit* (Count III), conversion (Count IV), and constructive trust (Count V).   Norman timely removed the action to this Court and now moves to dismiss all of Cummins's claims under Federal Rule of Civil Procedure 12(b)(6).[1]   The Court held a hearing on the Motion on November 17, 2011, and it is now ripe for disposition.

---

[1] In response to Norman's Motion to Dismiss (Doc. No. 4), Cummins filed an Amended Complaint (Doc. No. 7).   Norman then filed an Amended Motion to Dismiss (Doc. No. 9), which is the Motion currently before the Court.   However, the Amended Motion largely parrots the initial Motion, and the Amended Complaint largely parrots the initial Complaint.

**STANDARD OF REVIEW**

The Supreme Court set forth the standard for evaluating a motion to dismiss in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).   To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."   <u>Id.</u> at 547.   A "formulaic recitation of the elements of a cause of action" will not suffice.   <u>Id.</u> at 555; <u>accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).   Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible."   <u>Twombly</u>, 550 U.S. at 570.   When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions."   <u>Brown v. Medtronic, Inc.</u>, 628 F.3d 451, 459 (8th Cir. 2010) (citing <u>Twombly</u>, 550 U.S. at 556).   The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff.   <u>Twombly</u>, 550 U.S. at 554–56.

**ANALYSIS**

I.     **Breach of contract (Count I)**

Norman offers three reasons why Cummins's breach-of-contract claim fails to pass muster, but none is persuasive.

It first argues that Cummins has "failed to plead its performance of any conditions precedent[] other than in conclusory fashion."   (Def. Mem. at 6.)   But as Cummins correctly notes, the Federal Rules of Civil Procedure expressly permit generalized pleading of compliance with conditions precedent.   <u>See</u> Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have

occurred or been performed.").   And here, Cummins has alleged that "[a]ny conditions precedent to [its] right to demand performance by [Norman] have been performed."   (Am. Compl. ¶ 14.)   This will suffice.   See, e.g., Weitz Co., LLC v. Alberici Constructors, Inc., No. 8:08CV199, 2009 WL 115980, at *3 (D. Neb. Jan. 16, 2009) (rejecting defendant's assertion that breach-of-contract claim was inadequately pleaded where plaintiff alleged that it had "satisfied all conditions precedent to [defendant's] obligations to perform under the contract"); Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc., No. C 07-1519, 2007 WL 1795695, at *2 (N.D. Cal. June 20, 2007) (same).   Regardless, the Fee Agreement required Cummins to "represent Norman . . . in the legal proceeding to collect amounts owed to it by" Gartner (Am. Compl. Ex. A), and the Amended Complaint expressly alleges that Cummins "represented [Norman] in its action against Gartner and in negotiating the terms of the . . . Settlement Agreement" (id. ¶ 8).   Norman cites no authority requiring Cummins to set forth, in detail, all of the actions it undertook as part of that representation, and the Court is unaware of any.

Norman next argues that Cummins may collect contingency-fee payments only for "post-judgment collection" efforts but "has failed to allege that it represented" Norman in such efforts.   (Def. Mem. at 6.)   This argument is wholly devoid of merit.   As noted above, the Fee Agreement entitled Cummins to five percent of "any amounts recovered on behalf of Norman as a result of a settlement or post-judgment collection."   (Am. Compl. Ex. A (emphasis added).)   Norman's frivolous argument simply ignores the first portion of this disjunctive clause.

Finally, Norman argues that Cummins has "failed to plead the terms of the asserted contract" and "has not attached any time, billing and/or accounting records" to support its contract claim.   (Def. Mem. at 6.)   Once again, this argument is meritless.   Indeed, it is hard to conceive how Cummins could have done more to "plead the terms" of the Fee Agreement *when that agreement is attached as an Exhibit to the Amended Complaint*. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").   Moreover, Cummins is under no obligation at this juncture to supply evidence, such as billing records or time sheets, to support its assertion that it performed work on Norman's behalf.   See, e.g. O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1078 (8th Cir. 2011) (plaintiff need not "produce evidence in support of [its] theory" at pleading stage).

## II.   Unjust enrichment (Count II), *quantum meruit* (Count III), and constructive trust (Count V)[2]

Norman next argues that Cummins's unjust-enrichment claim fails because the "existence of an express contract between the parties" – namely, the Fee Agreement – "precludes recovery under quasi-contract theories."   (Def. Mem. at 7.)   Yet, a plaintiff may plead alternative claims in its complaint, even if those claims are inconsistent with one another.   See Fed. R. Civ. P. 8(d)(2)-(3) (plaintiff may set forth "2 or more statements of a claim . . . alternatively or hypothetically," "regardless of consistency").   Courts, therefore,

---

[2] Cummins's *quantum-meruit* and constructive-trust claims rise or fall with its unjust-enrichment claim and, hence, need not be separately analyzed.   This is because *quantum meruit* is simply a remedy that "does not arise absent a showing of unjust enrichment," Horizon Eng'g Servs. Co. v. Lakes Entm't, Inc., No. A10-1682, 2011 WL 2303613, at *7 (Minn. Ct. App. June 13, 2011), and, similarly, constructive trust is "an equitable remedy designed to prevent unjust enrichment," Cich v. Rieck, No. C9-00-146, 2000 WL 1100054, at *1 (Minn. Ct. App. Aug. 8, 2000).

routinely permit the assertion of contract and quasi-contract claims together.   See, e.g.,
Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990); Maalouf v.
Salomon Smith Barney, Inc., No. 02 Civ. 4770, 2003 WL 1858153, at *7 (S.D.N.Y. Apr.
10, 2003) ("The fact that Maalouf may only *recover* on one claim, either contract or
quasi-contract, certainly does not preclude him from pleading unjust enrichment in the
alternative.") (emphasis in original).

Norman raises another argument, however, that fares better – Cummins had
available an adequate statutory remedy, namely, an attorney's lien under Minnesota
Statutes § 481.13.[3]   (Reply at 1-2.)   Relying upon Southtown Plumbing, Inc. v. Har-Ned
Lumber Co., 493 N.W.2d 137 (Minn. Ct. App. 1992), it argues that Cummins is precluded
from asserting unjust enrichment – an equitable claim – because it previously commenced,
but voluntarily dismissed, an action seeking to establish a statutory attorneys' lien.   (Reply
at 1-2.)   The Court agrees.

In Southtown, several subcontractors had performed work on a home-construction
project.   493 N.W.2d at 138-39.   After the home fell into foreclosure, the subcontractors
filed mechanics' liens against the property, as permitted under Minnesota statutes, but
failed to enforce, and then voluntarily relinquished, those liens, opting instead to sue the
property's mortgagee for unjust enrichment.   Id. at 139.   The trial court dismissed the
unjust-enrichment claims and the Minnesota Court of Appeals affirmed:

---

[3] Section 481.13 provides, in pertinent part, that an attorney enjoys a lien (1) "upon the cause of
action" asserted on his client's behalf, (2) "upon the interest of the attorney's client in any money
or property involved in" the action commenced by him, and (3) upon any judgment rendered in the
action.   Minn. Stat. § 481.13, subd. 1(a)-(b).   The attorney must apply to a court for
establishment of this statutory lien, which is determined "summarily."   Id., subd. 1(c).

Relief under the theory of unjust enrichment is not available where there is an adequate legal remedy or where statutory standards for recovery are set by the legislature.

[The subcontractors] had a remedy through the use of their mechanics' liens . . . . [The mechanics-lien statutes] were enacted to give contractors on construction projects remedies at law to obtain compensation for their work. However, [the subcontractors] chose not to enforce their mechanics' liens. Because they had a statutory remedy and chose not to enforce it, they cannot make out an equitable claim for unjust enrichment.

Id. at 140; accord, e.g., ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc., 544 N.W.2d 302, 305 (Minn. 1996) (unjust-enrichment claim barred where statutory mechanics' lien was available but not pursued; "Should a contractor elect not to seek the protection of the clear and effective method available under the statute, this court will not come to its aid, absent compelling circumstances not present here.").

The same result should obtain in this case. There is no dispute that Cummins had available to it a statutory remedy in the form of an attorney's lien. It nowhere contends that such a lien was an inadequate remedy, nor does the Court believe that to be the case.[4] Yet, it voluntarily dismissed its prior action seeking to establish that lien, ostensibly because of difficulties in serving Norman with process. (Surreply at 1.) Having chosen

---

[4] "In order for a legal remedy to be adequate it must be practical and efficient." Munshi v. J-I-T Servs., Inc., No. A06-346, 2007 WL 92852, at *2 (Minn. Ct. App. Jan. 16, 2007). The attorney's lien statute provides a "summary" method for transforming an attorney's inchoate lien (in his client's interest in the money or property involved in the litigation) into a choate one. Dorsey & Whitney LLP v. Grossman, 749 N.W.2d 409, 420 (Minn. Ct. App. 2008). "A summary proceeding is any proceeding by which a controversy is settled . . . in a *prompt* . . . manner, without the aid of a jury. Summary proceedings characteristically are *immediate* and tend to abridge formal procedures." Thomas A. Foster & Assocs., Ltd. v. Paulson, 699 N.W.2d 1, 6-7 (Minn. Ct. App. 2005) (emphases added) (internal quotation marks and citations omitted). "After the value of the lien has been determined" in summary fashion, the "court enters judgment for the amount due," id. at 6, and "[c]omplex questions," such as those asserting attorney negligence, are not properly raised in the summary proceeding, id. at 8. In the Court's view, these procedures provide attorneys with a "practical and efficient" remedy for a claim to fees.

to forego its statutory rights, Cummins cannot now seek equitable relief from this Court.

See ServiceMaster, 544 N.W.2d at 305; Mon-Ray, Inc. v. Granite Re, Inc., 677 N.W.2d

434, 440 (Minn. Ct. App. 2004); In re Levaquin Prods. Liab. Litig., 752 F. Supp. 2d 1071,

1081 (D. Minn. 2010) (Tunheim, J.) ("The particular holdings of ServiceMaster and other

state law cases . . . are that a plaintiff who chooses not to pursue available remedies at law

cannot recover under principles of equity."); see also Drobnak v. Andersen Corp., 561 F.3d

778, 787 (8th Cir. 2009) (affirming dismissal of equitable claims because "plaintiffs would

have had an adequate legal remedy . . . if they had adhered to the . . . Rule 9(b) pleading

requirements").[5]

Cummins responds that "no court has ever applied the rule of law set forth in

Southtown to an attorney's lien."   (Surreply at 3.)   That may well be true; Norman has

cited no such cases, and the Court's own research has not uncovered any.   Yet, the Court

cannot conceive of a reason *not* to apply Southtown to an attorney's lien.

Notably, Southtown was predicated on the unremarkable proposition that equitable

remedies are unavailable when other adequate legal remedies exist.   See 493 N.W.2d at

140.   In this sense, a statutory mechanic's lien is no different than a statutory attorney's

lien, as each provides a claimant with a way to quickly vindicate his claim for payment.

Moreover, Minnesota courts repeatedly have held that the availability of statutory claims

(whether state or federal) will preclude the assertion of an unjust-enrichment or other

equitable claim seeking the same relief.   See, e.g., Breezy Point Holiday Harbor Lodge

---

[5] Because Norman cited Drobnak for the first time at oral argument, the Court granted Cummins leave to submit a memorandum addressing that case.   (See Doc. No. 26.)

Beachside Apartment Owners' Ass'n v. B.P. P'ship, No. C0-96-59, 1996 WL 422562, at

*2 (Minn. Ct. App. July 30, 1996) (affirming dismissal of unjust-enrichment claim because

statute provided condominium association with method to recover damages for violation of

its bylaws); Frank v. Gold'n Plump Poultry, Inc., Civ. No. 04-1018, 2007 WL 2780504, at

*11 (D. Minn. Sept. 24, 2007) (Schiltz, J.) ("Minnesota's and Wisconsin's labor laws (as

well as the federal FLSA) provide plaintiffs a remedy if Gold'n Plump has wrongfully

underpaid them.   Plaintiffs cannot also sue in equity – for unjust enrichment – to recover

the same unpaid wages at issue in their state labor-law claims."); Arena Dev. Grp., LLC v.

Naegele Commc'ns, Inc., Civ. No. 06-2806, 2007 WL 2506431, at *11 (D. Minn. Aug. 30,

2007) (Montgomery, J.) (dismissing unjust-enrichment claim because Minnesota's

fraudulent-transfer act provided plaintiffs with adequate remedy at law); Levine v. N. Am.

Mortg., Civ. No. 98-556, 2000 WL 34494823, at *5 (D. Minn. May 17, 2000) (Tunheim,

J.) (equitable claim precluded by availability of remedies under federal Real Estate

Settlement Procedures Act).   Hence, there is no compelling reason to limit Southtown

only to mechanic's liens.

     Cummins asserts, nevertheless, that accepting Norman's argument "would preclude

attorneys from seeking any equitable relief for nonpayment of fees."   (Surreply at 4.)

Whatever merit that argument might have, it must yield to Section 481.13, which arms

attorneys with a simple way to enforce their claims.   See Adelman v. Onischuk, 135

N.W.2d 670, 678 (Minn. 1965) (where a statute "provides a remedy by appeal or

otherwise, such remedy is generally exclusive *and will preclude any resort to equity*")

(emphasis added).   Cummins also cites two cases – Gaalswyk v. King, Civ. No. 10-411,

2011 WL 4091858 (D. Minn. Aug. 2, 2011) (Report & Recommendation of Mayeron, M.J.), and Williams v. Dow Chemical Co., 415 N.W.2d 20 (Minn. Ct. App. 1987) – ostensibly standing for the proposition that the availability of an attorney's lien does not preclude equitable relief.   (Surreply at 3-4.)   But these cases do not aid Cummins's cause, as neither discussed (or even mentioned) whether the availability of a statutory lien precluded equitable claims; indeed, nothing in Gaalswyk or Williams suggests that the defendants even raised that issue.   Moreover, here it is not simply the *existence* of a statutory remedy that bars Cummins's equitable claims, but also its *failure to avail itself of that remedy*.   Minnesota courts have not hesitated to dismiss equitable claims in such circumstances.   See, e.g., ServiceMaster, 544 N.W.2d at 305; Eischen Cabinet Co. v. New Tradition Homes, Inc., No. A06-220, 2006 WL 3593051, at *6 (Minn. Ct. App. Dec. 12, 2006); Mon-Ray, 677 N.W.2d at 440; Southtown, 493 N.W.2d at 140.

For all of these reasons, the Court determines that Cummins' unjust-enrichment claim (Count II) cannot stand.   Accordingly, Count II must be dismissed, which necessarily results in the dismissal of the *quantum-meruit* (Count III) and constructive-trust (Count V) claims.   (See supra note 2.)

## III.    Conversion (Count IV)

Finally, Norman argues that Cummins's conversion claim must be dismissed because, under Minnesota law, conversion requires the deprivation of an interest in personal property, yet Cummins "has failed to identify how it[] holds a valid interest in funds owed by Garter [*sic*]."   (Def. Mem. at 8.)   According to Norman, Cummins "has neither identified what the 'funds owed' are, nor any interest to such 'funds owed.'"   (Id.)

But the Amended Complaint could not be clearer in identifying the "funds owed":   the payments made by Gartner under the settlement agreement.   (See Am. Compl. ¶¶ 9-12.) Nor could it be clearer regarding Cummins's interest in such funds:   5% thereof under the Fee Agreement.   (Id. ¶¶ 7, 10, 12 & Ex. A.)   Norman's arguments simply do not withstand scrutiny.

Norman next argues that "funds" – that is, money – "cannot be considered tangible personal property for purposes of conversion."   (Def. Mem. at 8.)   But it cites no cases to support that proposition, which is unsurprising given that it is inconsistent with Minnesota law.   See, e.g., Tuaolo v. Want Some Weather, Inc., Nos. A07-2139, A08-0014, A08-0044, 2008 WL 5136614, at *4 (Minn. Ct. App. Dec. 9, 2008) (affirming jury verdict for plaintiff on claim for conversion of money); Neff v. Americana Cmty. Bank, No. A07-0878, 2008 WL 933505, at *1 (Minn. Ct. App. Apr. 8, 2008) (reversing dismissal of conversion claim concerning money); Baker v. Sunbelt Bus. Brokers, No. A07-0514, 2008 WL 668608, at *8 (Minn. Ct. App. Mar. 11, 2008) (same).   Indeed, in Thomas B. Olson & Associates, P.A. v. Leffert, Jay & Polglaze, P.A., 756 N.W.2d 907, 920-22 (Minn. Ct. App. 2008), the Minnesota Court of Appeals recognized the existence of a claim for conversion of funds arising out of a client's failure to pay attorney fees, which is precisely what Cummins alleges here.   The conversion claim, therefore, is not subject to dismissal on this basis.

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Norman's Amended Motion to Dismiss (Doc. No. 9) is **GRANTED IN PART** and **DENIED IN PART**.   The Motion is **GRANTED** with respect to Cummins's claims for unjust enrichment (Count II), *quantum meruit* (Count III), and constructive trust (Count V), and those claims are **DISMISSED WITH PREJUDICE**.   In all other respects, the Motion is **DENIED**.


Dated: November 21, 2011                              s/Richard H. Kyle
                                                      RICHARD H. KYLE
                                                      United States District Judge