UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cummins Law Office, P.A.,

       Plaintiff/Counter-Defendant,

                              Civ. No. 11-2061 (RHK/FLN)
                              **ORDER**

v.

Norman Graphic Printing Company Limited,

       Defendant/Counter-Plaintiff.

       This matter is before the Court *sua sponte*.

       This diversity action arises out of the alleged failure by Defendant Norman Graphic Printing Company Limited ("Norman") to pay legal fees due to Plaintiff Cummins Law Office, P.A. ("Cummins"), a law firm that represented Norman in an unrelated action against Gartner Studios, Inc. ("Gartner") in the Washington County, Minnesota, District Court. Cummins commenced this action in April 2011 in Minnesota state court, and Norman later removed it to this Court.

       Some procedural wrangling followed. Norman moved to dismiss, and Cummins responded by filing an Amended Complaint (Doc. No. 7). Norman then filed another Motion to Dismiss, which this Court granted in part and denied in part on November 21, 2011. (See Doc. No. 27.) The parties then undertook settlement discussions, and in the meantime asked Magistrate Judge Noel to postpone the initial pre-trial conference and the deadline for Norman to respond to the Amended Complaint. It became clear, however, that the parties could not reach an amicable resolution, and as a result on January 24,

2012, the Magistrate Judge held the initial pre-trial conference.  That same day, he issued a Pretrial Scheduling Order (Doc. No. 37) setting April 1, 2012, as the deadline for moving to amend the pleadings.

On March 5, 2012, Norman answered the Amended Complaint and filed a Counterclaim against Cummins for breach of contract, ostensibly based on its failure to collect the money owed to Norman by Gartner.  (Doc. No. 39.)  On March 20, 2012, Cummins filed a Motion to Dismiss the Counterclaim (Doc. No. 40), noticing its Motion for a hearing on May 23, 2012.  Then, on May 1, 2012, Norman filed Amended Counterclaims against Cummins, changing the tenor of its breach-of-contract Counterclaim and asserting a wholly new Counterclaim based on Cummins's purported disclosure of confidential information.  (See Doc. No. 44.)  It relied upon these newly pleaded Counterclaims in opposing Cummins's Motion to Dismiss.  (See Doc. No. 45.)

In the Court's view, however, Norman's Amended Counterclaims were improperly filed.  A counterclaim may be amended "as a matter of course" only within 21 days of service of a motion to dismiss under Federal Rule of Civil Procedure 12.  See Fed. R. Civ. P. 15(a)(1)(B).  Here, Cummins served and filed such a Motion on March 20, 2012; accordingly, Norman had until April 10, 2012, to amend its Counterclaim as of right.  After that date, it could amend only with (a) Cummins's consent or (b) leave of Court.  Fed. R. Civ. P. 15(a)(2).  Yet, when Norman filed its Amended Counterclaims (on May 1, 2012) it gave no indication that Cummins consented to the amendment – and, in fact, the Court is informed that Cummins opposes the amendment.  Moreover, Norman

never filed a Motion for leave to amend its counterclaims, likely because the deadline for doing so, in accordance with the Pretrial Scheduling Order, passed on April 1, 2012.

For these reasons, the Court concludes that the Amended Counterclaims were filed in contravention of Federal Rule of Civil Procedure 15 and must be stricken. In addition, because Norman relied upon those Amended Counterclaims in opposing Cummins's Motion to Dismiss, Norman's Memorandum in Opposition also must be stricken.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Norman's Amended Counterclaims (Doc. No. 44) and Memorandum in Opposition to Cummins's Motion to Dismiss (Doc. No. 45) are **STRICKEN**;

2. On or before May 17, 2012, Norman shall either:

    (a) Obtain Cummins's consent to amend its Counterclaim and serve and file its Amended Counterclaim(s), indicating that Cummins has consented thereto;

    (b) Move for leave to amend its Counterclaim, explaining *inter alia* its failure to do so before the deadline set in the Pretrial Scheduling Order; or

    (c) If it no longer seeks to amend its Counterclaim, serve and file a Memorandum in Opposition to Cummins's Motion to Dismiss. In that event, Cummins shall serve and file its Reply in support of its Motion (if any) on or before May 24, 2012; and

3. The hearing on Cummins's Motion to Dismiss (Doc. No. 40), currently scheduled for May 23, 2012, is **CANCELED** and will be rescheduled, if at all, following

the submissions described in paragraph 2, above.


Dated: May 3, 2012                              s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge