**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cummins Law Office, P.A.,

       Plaintiff/Counter-Defendant,

v.

Norman Graphic Printing Company Limited,

       Defendant/Counter-Plaintiff.

Civ. No. 11-2061 (RHK/FLN)
**MEMORANDUM OPINION AND ORDER**

---

Paul C. Peterson, Amy E. Thompson, Lind, Jensen, Sullivan & Peterson, PA, Minneapolis, Minnesota, Grant W. Lindberg, D. Sherwood McKinnis, Lindberg & McKinnis, P.A., Cambridge, Minnesota, for Plaintiff/Counter-Defendant.

Vytas M. Rimas, Rimas Law Firm, PLLC, Minneapolis, Minnesota, for Defendant/Counter-Plaintiff.

---

## INTRODUCTION

This action concerns the alleged failure of Defendant Norman Graphic Printing Company Limited ("Norman") to pay legal fees due to Plaintiff Cummins Law Office, P.A. ("Cummins"), a law firm that represented it in an unrelated action against Gartner Studios, Inc. ("Gartner"). Cummins commenced the instant action in April 2011 and Norman later counterclaimed for breach of contract, alleging that Cummins had failed to collect a settlement from Gartner of nearly $3.8 million. (Doc. No. 39.) Presently before the Court is Cummins's Motion to Dismiss the counterclaim. (Doc. No. 40.) For the reasons that follow, its Motion will be granted.

## BACKGROUND

Cummins represented Norman in a Minnesota state-court action against Gartner. In August 2008, Norman and Gartner resolved that action through a Settlement and Dismissal Agreement (the "First Settlement"), in which Gartner acknowledged owing Norman $3,796,347.  (Counterclaim ¶ 6.)  When Gartner failed to pay this sum, Norman retained Cummins to represent it in a "legal proceeding to collect [the] amounts owed to it by Gartner," and the parties memorialized their relationship in a Fee Retainer Agreement (the "Fee Agreement").  (Id. ¶ 7; Am. Compl. Ex. A.)  In return for Cummins's representation, Norman agreed to pay a flat fee of $80,000, plus a "contingent fee" of 5% of any amounts ultimately recovered from Gartner.  (Am. Compl. Ex. A.)

Shortly thereafter, Cummins commenced a second state-court action against Gartner.  (Counterclaim ¶ 8.)  Norman and Gartner settled that action pursuant to a Binding Settlement Agreement (the "Second Settlement").  Gartner agreed to pay Norman $2,452,000 as follows:  an initial $252,000 payment, followed by monthly installments of $50,000 until the remaining $2.2 million balance was paid in full.  (Id. ¶ 10; Am. Compl. Ex. B.)

In April 2011, Cummins commenced the instant action against Norman, alleging that although it had paid the $80,000 flat fee called for in the Fee Agreement, Norman had failed to remit 5% of the monthly installments paid by Gartner under the Second Settlement.  Norman later counterclaimed, asserting that Cummins had breached the Fee Agreement "by failing to collect the [original] $3,796,347 indebtedness from Gartner." (Counterclaim ¶ 13.)  Cummins now moves to dismiss this counterclaim.

**STANDARD OF REVIEW**

The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). To avoid dismissal, a complaint (or a counterclaim) must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.[1] A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Iqbal, 556 U.S. at 678. Rather, the party seeking relief must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S at 556).

When reviewing a motion to dismiss, the Court "must accept [the pleader's] specific factual allegations as true but [need] not . . . accept . . . legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The complaint (or counterclaim) must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. Twombly, 550 U.S. at 554–56. "Determining whether a [counterclaim] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

---

[1] As the undersigned has previously noted, and as both parties appear to recognize, Twombly and Iqbal apply to counterclaims. U.S. Bank Nat'l Ass'n v. Educ. Loans Inc., Civ. No. 11-1445, 2011 WL 5520437, at *6 n.4 (D. Minn. Nov. 14, 2011) (Kyle, J.).

## ANALYSIS

The Court has little trouble concluding that Norman's counterclaim is patently frivolous and must be dismissed. In order to state a breach-of-contract claim in Minnesota,[2] "a [party] must show (1) formation of a contract, (2) performance [by the party] of any conditions precedent to his right to demand performance . . ., and (3) breach of the contract." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011). Here, the counterclaim identifies the Fee Agreement as the contract allegedly breached. (Counterclaim ¶¶ 7, 12.) But Norman has utterly failed to allege a breach of that contract.

Norman asserts that the Fee Agreement obligated Cummins to recover the full amount of the First Settlement – $3,796,347 – from Gartner, but it failed to do so. (Id. ¶ 13.) The Fee Agreement, however, says nothing of the sort. That contract obligated Cummins only to "*represent* Norman . . . in the legal proceeding to collect amounts owed to it by Gartner." (Am. Compl. Ex. A (emphasis added).) Cummins did precisely what the Fee Agreement contemplated, and there is no allegation in the counterclaim to the contrary. It makes no difference whether Cummins was successful or unsuccessful in its efforts; it *represented* Norman in the claims against Gartner, and it thereby fulfilled its contractual obligations. There is simply no cognizable breach alleged.

Under Norman's logic, the Fee Agreement somehow transformed Cummins into a guarantor of Gartner's payment of the First Settlement. But the text of the Fee Agreement belies this assertion. The agreement provides that Cummins would receive a "*contingent* fee equal to 5% of *any amounts recovered*" from Gartner. (Id. Ex. A (emphases added).)

---

[2] Both parties agree that Minnesota law applies to the counterclaim.

Clearly, then, the agreement (and hence Norman) contemplated the possibility that Cummins might not be able to recover "any amounts" from Gartner.

Moreover, even if the Fee Agreement had somehow obligated Cummins to collect the entire amount of the First Settlement, the Second Settlement vitiated that agreement. Notably, it was *Norman* that signed the Second Settlement, thereby opting to accept less than the agreed-upon amount in the First Settlement. It cannot now seek to recoup the difference from Cummins. See, e.g., Watkins Inc. v. Chilkoot Distrib., Inc., 655 F.3d 802, 805 (8th Cir. 2011) (applying Minnesota law).[3]

In its Opposition, Norman suggests there exists some *other* contract (besides the Fee Agreement) that Cummins allegedly breached. (See Mem. in Opp'n at 4 ("[T]here is nothing in the allegations in Norman's Counterclaim that limits the asserted contract . . . to any specific written document as Cummins is seemingly arguing.").) But the counterclaim discusses only the Fee Agreement, and Norman cannot escape dismissal by asserting that Cummins breached some other, unidentified contract. Rather, it must plead enough facts, if true, that "show" it is entitled to relief, Iqbal, 556 U.S. at 678-79, and a vague allegation that some unknown contract was breached will not suffice. See, e.g., Bakhtiari v. Al-Khaledy, No. 4:11-CV-971, 2011 WL 6945107, at *4 (E.D. Mo. Dec. 30, 2011) ("Vague references to unspecified 'agreements' are insufficient."); Otani v. State

---

[3] Norman argues that this sounds in waiver and, hence, is not amenable for resolution on a motion to dismiss. But while waiver is an affirmative defense not *typically* resolvable on such a motion, see Fed. R. Civ. P. 8(c), it may be the basis for denying relief if it "affirmatively appears on the face of" a party's pleading. E.g., Guy v. Swift & Co., 612 F.2d 383, 385 (8th Cir. 1980) (*per curiam*). That is the case here; Norman has expressly alleged that it entered into the Second Settlement and thereby waived its right to the First Settlement amount. (See Counterclaim ¶ 9.)

Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, . . . the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient.").

Norman also makes the bizarre argument that "it is impermissible for Cummins to dispute Norman's properly plead contract terms in a motion to dismiss." (Mem. in Opp'n at 4.) But it is well-settled that "[t]he construction and effect of a contract is . . . a question of law unless the contract is ambiguous." Denelsbeck v. Wells Fargo & Co., 666 N.W.2d 339, 346 (Minn. 2003). The Court perceives no ambiguity in the Fee Agreement, and Norman has not pointed to any. And where "a contract is unambiguous," its plain terms "shall be enforced by courts." Id.; see also, e.g., Baker v. Best Buy Stores, LP, 812 N.W.2d 177, 180-82 (Minn. Ct. App. 2012) (claim for breach of unambiguous contract may be resolved on motion to dismiss).

## CONCLUSION

At bottom, the Court is left with the firm impression that Norman interposed a frivolous counterclaim for the sole purpose of delaying the ultimate resolution of this case. Indeed, this matter has been pending for more than a year, and yet almost nothing has occurred to move this case forward – it remains stuck in the pleading phase. Pleadings and motions designed to delay the proceedings are improper. See Fed. R. Civ. P. 11(a); see also 28 U.S.C. § 1927. Counsel should take note that future filings similar to the counterclaim at issue here will not be lightly countenanced by the Court.

Furthermore, this is not a complicated case, nor one with significant amounts of money involved. The parties have already spent much time, money, and effort over the

past year amending the pleadings and filing motions, all of which have barely moved the ball from the goal line. The Court strongly urges them to attempt to resolve this matter short of continued full-blown litigation.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Cummins's Motion to Dismiss (Doc. No. 40) is **GRANTED**, and Norman's Counterclaim (Doc. No. 39) is **DISMISSED WITH PREJUDICE**.

Dated: August 14, 2012                           s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge